# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**RONALD DEAN MORGAN, JR.**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:05-CR-286

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
    - [x] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
    - [ ] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 25-year-old male who has been indicted with his wife on charges of possession with intent to distribute cocaine. He is also charged with felon in possession of a firearm. It appears the defendant is presently estranged from his wife, who has obtained a personal protection order against him. Defendant has a lengthy criminal record of mostly driving offenses, although he has a 2000 felony for carrying a concealed weapon. He is presently on lifetime probation from the Ingham County Circuit Court for a drug offense. Defendant states that six months ago he discontinued his six-year habit of snorting cocaine, but he does drink a half-pint of liquor a day. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, based upon the unrebutted presumption in this regard. Defendant's attorney represents that defendant has always shown up for his numerous court appearances and is a life-long resident of Lansing, and does have some family members living there. While this may, despite the absconder warrant, rebut the presumption that no conditions will assure his presence for future court proceedings, (continued on

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 13, 2006

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Ronald Dean Morgan, Jr.
1:05-CR-286
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

> When defendant was placed on probation following his jail term for his CCW conviction, an absconder warrant had to be issued when he failed to report, failed to make a good-faith effort to obtain his GED, failed to pay child support, participated in unlawful activity, and failed to report two arrests for driving on a suspended license. The defendant pled guilty to these violations and his probation was revoked. On April 17, 2003, defendant was placed on lifetime probation by the Eaton County Circuit Court. During the time he has been on this probation, he has been convicted of another driving offense, and more importantly, he has allegedly committed the two charges contained in the present indictment. The evidence presented appears to connect the defendant with an apartment where his wife was residing last March (prior to the personal protection order being obtained in October) in which was found $14,000 in cash, 137 grams of crack cocaine, and two handguns. Defendant claims to have employment, but the Pretrial Services office has not been able to verify this since they have been unable to locate the company he is working for.

**Part II - Written Statement of Reasons for Detention** - (continued)

> there is no evidence to rebut the presumption that defendant will continue to be a danger to the community through further drug trafficking if left on the street. His previous violations of the court's trust when placed on probation serves to underscore this fact.